IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA ELAINE FREY,                         )
                                               )
                    Plaintiff,                 )
                                               )
        -vs-                                    )          Civil Action No.   12-222
                                               )
CAROLYN W. COLVIN,[1]                          )
COMMISSIONER OF SOCIAL SECURITY,               )
                                               )
        Defendant.                             )

AMBROSE, Senior District Judge.

## OPINION
### and
## ORDER OF COURT

### SYNOPSIS

        Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 8 and

10).   Both parties have filed Briefs in Support of their Motions. (Docket Nos. 9, 11 and 12).   After

careful consideration of the submissions of the parties, and based on my Opinion set forth below,

I am granting Plaintiff's Motion for Summary Judgment (Docket No. 10) and denying Defendant's

Motion for Summary Judgment. (Docket No. 8).

## I.  BACKGROUND

        Plaintiff has brought this action for review of the final decision of the Commissioner of

Social Security ("Commissioner") denying her application for supplemental security income

pursuant to the Social Security Act ("Act").   Plaintiff filed an application for benefits on July 14,

2009, alleging she had been disabled since December 3, 2007. (Docket Nos. 6-5, p.2; 6-6, p. 2).

Administrative Law Judge ("ALJ") Edward Banas, held a video hearing on April 28, 2011.

(Docket No. 6-2, pp. 35-60).   On May 18, 2011, the ALJ found that Plaintiff was not disabled

---

[1] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing
Michael J. Astrue.

1

under the Social Security Act. (Docket No. 6-2, pp 22-31). After exhausting all administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 8 and 10). The issues are now ripe for review.

## II. **LEGAL ANALYSIS**

### A. **STANDARD OF REVIEW**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when

evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.    ASSESSMENT OF PLAINTIFF'S MENTAL IMPAIRMENTS[2]**

Plaintiff submits that the ALJ erred in evaluating Plaintiff's mental impairments. (ECF No. 9, pp. 8-17 and No. 12, pp. 8-18). Specifically, Plaintiff argues that ALJ erred in assigning her treating psychiatrist, Dr. Stillman, "little weight," while assigning the state agency consultant, Dr. Tarter, "great weight." *Id.*; ECF No. 6-2, p. 29. The amount of weight accorded to a treating physician's opinions is well established.

"A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect

_____

[2] Plaintiff takes issue only with the findings related to her mental impairments. (ECF No. 9, p. 5). As a result, my discussion will be limited to the same.

expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where ... the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Commissioner of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, *5 (3d Cir. Dec. 14, 2010). To that end, the ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008). In the present case, I find the ALJ failed to meet this standard.

The ALJ assigned "little weight" to Dr. Stillman's March 24, 2011, opinion because Dr. Stillman only treated Plaintiff "occasionally and the records suggest that she based her opinion on the claimant's subjective complaints" and because the opinion was inconsistent with her treating notes. (ECF No. 6-2, p. 29, *comparing* No. 6-8, p. 72 *with* No. 6-8, pp. 64-70). First, the records indicated that Dr. Stillman treated Plaintiff as far back as September of 2009 while she was with Safe Harbor Behavioral Health. *See*, ECF No. 6-8, p. 26-28. Based on a review of the ALJ's opinion, however, it is unclear whether the ALJ recognized that Plaintiff treated with Dr. Stillman back in September 2009.

Next, the ALJ assigned little weight to Dr. Stillman's opinion of March 24, 2011, because it was based on Plaintiff's subjective complaints. (ECF No. 6-2, p. 29). Upon review of the record, however, I find this to be incorrect. (ECF No. 6-8, p. 72). Dr. Stillman clearly states that her opinion was "based upon observation of the patient, clinical history, and review of

4

signs/symptoms." *Id.* Thus, I find this reason for assigning little weight to Dr. Stillman's opinion be specious, at best.

Finally, the ALJ appears to assign little weight to Dr. Stillman because her opinion on March 24, 2011, was inconsistent with her treatment notes. (ECF No. 6-8, p. 29). I disagree. While it is true that the notes indicate normal discourse such as speech, sensorium, behavior, thought content and thought flow, the ALJ fails to mention or explain the highly relevant mental health indications of severely elevated anxiety, anxious mood, flat affect, poor insight, and poor judgment. (ECF No. 6-8, p. 65). In addition, Dr. Stillman's treatment notes from November 2010 – March of 2011, indicate that Plaintiff has uncontrolled panic attacks, she has a pessimistic outlook, she hides instead of answering door, she does not like human contact, her hand tremors and she has a GAF of 25. (ECF No. 6-8, pp. 64, 66). Dr. Stillman diagnosed Plaintiff with major depression, recurrent, severe without psychotic features and panic disorder with agoraphobia[3] and states that Plaintiff's drug dependence is in "FSR" (full sustained remission). (ECF No. 6-8, p. 69). In addition, Plaintiff's medications were increased. (ECF No. 6-8, p. 68). None of these highly relevant mental health opinions are inconsistent with Dr. Stillman's opinion of March 24, 2011, regarding Plaintiff's inability to function in work related settings. Simply stating the record is inconsistent does not make it so.

An ALJ must give some indication of the relevant evidence that he discredits or rejects <u>and</u> his reason(s) for discounting that evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001). Yet in this case, the ALJ did not give any reason/explanation for discounting the aforementioned evidence. Consequently, I cannot conduct a proper and meaningful review. Therefore, I find that the ALJ has erred in this regard and remand is required.

---

[3] The record reflects a diagnosis of " 296.33" and "300.21" which is defined as major depression, recurrent, severe without psychotic features and panic disorder with agoraphobia. (ECF No. 6-8, p. 69). <u>Diagnostic and Statistical Manual of Mental Disorders</u>, Third Ed. (revised) (1987).

I also point out that the ALJ's opinion is internally inconsistent such that I cannot make a meaningful review. Specifically, the ALJ states that "the claimant's GAF score rose to 50 indicating moderate symptoms of severity or moderate impairment in social, occupational, or school functioning." (ECF No. 6-2, p. 27). Yet, on the very next page, the ALJ states that a GAF of 50 suggests that "the claimant had serious symptoms of severity or any serious impairment in social, occupation, or school functioning." *Id.* at 28. Clearly, the ALJ, at least in part, reviewed the evidence under the incorrect classification.

A GAF of 41-50 denotes "serious symptoms (e.g., suicidal ideation…)…OR any serious impairment in social, occupational, or school functioning." *See* Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV-TR"), p. 34 (4th ed. 2000). Here, the ALJ analyzed some of the relevant record evidence under the incorrect assumption that a GAF of 50 indicated moderate severity when, in fact, it indicates serious symptoms or impairments. Thus, the ALJ's opinion is fatally flawed such that remand is warranted on this basis as well.

In addition to reviewing the evidence of some of the GAFs under the incorrect classification, the ALJ fails mention that Plaintiff was documented as having a GAF of 25 in November of 2010. (ECF No. 6-8, p. 66 – "Axis Five: 25"). While I acknowledge that GAF scores do not have a "direct correlation to the severity requirements" of the Social Security mental disorder listings, they are medical evidence that informs a Commissioner's judgment in assessing whether an individual is disabled. *Rios v. Commissioner of Social Sec.*, 444 Fed.Appx. 532, 535, 2011 WL 4059780, *2 (3d Cir. 2011), *citing,* 65 Fed.Reg. 50746–01, 50764–65 (2000). A GAF of 25 indicates that behavior is considerably influenced by delusions or hallucinations or serious impairment in communication or judgment or inability to function in almost all areas. *See* DSM-IV-TR (4th ed. 2000), p. 34. Plaintiff's GAF score of 25 is consistent with the treatment notes of Dr. Stillman and Dr. Stillman's evaluation of March 24, 2011, regarding Plaintiff's inability to function in work related settings. (ECF No. 6-8, pp. 64-72). The ALJ's failure to even mention

this evidence that is so completely contradictory to the non-examining agency doctor's opinion of 2009, to which the ALJ assigned great weight, is an error.

This error, coupled with the errors above, prevents me from making a meaningful review. Therefore, remand of this case is warranted.[4]

### C.    CREDIBILITY ASSESSMENT

Finally, Plaintiff submits that the ALJ erred in assessing the credibility of Plaintiff.    (ECF No. 9, pp. 18-20; No. 12, pp. 3-8).    To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975).    The ALJ must consider "the entire case record" in determining the credibility of an individual's statement.    SSR 96-7p.    The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight."    *Id*.    I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence.    *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

---

[4]  Plaintiff also argues, for various reasons, that ALJ erred in assigning the October 2009 opinion of the non-examining state agency consultant, Dr. Tarter, "great weight." (ECF No. 9, pp. 9-12; ECF No. 12, p. 8-13 and ECF No. 6-2, p. 29). An ALJ is entitled to rely upon the findings of the state agency evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it. Only where 'additional medical evidence is received that in the opinion of the [ALJ] ... may change the State agency medical ... consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing,' is an update to the report required. SSR 96–6p. In this case, I cannot say that the ALJ's reliance on Dr. Tarter's opinion was proper in light of the above discussion regarding the weighing of Dr. Stillman's opinion.

Additionally, I note the ALJ gives great weight to Dr. Tarter's opinion that Plaintiff's psychiatric history "has interfaced with substance treatment."    (ECF No. 6-2, p. 29).    Since June of 2009, all of the records indicate that Plaintiff is drug free and that Plaintiff's drug dependence is/has been in full sustained remission.    *See,* ECF No. 6-8, p. 17, 27, 69.    A review of the record reveals that the ALJ fails to mention this opposing evidence.

Thus, remand for proper analysis is warranted.

In this case, the ALJ attempts to use certain testimony to discredit Plaintiff. (ECF No. 6-2, p. 29). Since I have found that the ALJ erred in giving little weight to Dr. Stillman's opinions and treatment notes, his finding regarding Plaintiff's credibility simply cannot stand. *Mason v. Shalala,* 994 F.2d 1056, 1068 (3d Cir. 1993). Thus, I find remand is warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA ELAINE FREY,                    )
                                         )
                    Plaintiff,           )
                                         )
        -vs-                             )         Civil Action No.   12-222
                                         )
CAROLYN W. COLVIN,[5]                    )
COMMISSIONER OF SOCIAL SECURITY,         )
                                         )
        Defendant.                       )

AMBROSE, Senior District Judge.


## ORDER OF COURT


        THEREFORE, this 29th day of January, 2014, it is ordered that Plaintiff's Motion for

Summary Judgment (Docket No. 8) is granted and Defendant's Motion for Summary Judgment

(Docket No. 10) is denied.

        It is further ordered that the decision of the Commissioner of Social Security is hereby

vacated and the case is remanded for further proceedings consistent with the foregoing opinion.




                            BY THE COURT:

                            s/   Donetta W. Ambrose
                             Donetta W. Ambrose
                             United States Senior District Judge




_____

[5] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing
Michael J. Astrue.